UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE: Hiran Rodriguez, Petitioner

v.

United States District Court for the Eastern District of Louisiana

The Honorable Jay C. Zainey, Article III Judge, Presiding

---

## PETITION FOR WRIT OF MANDAMUS

JURISDICTIONAL STATEMENT

Jurisdiction is invoked under 28 U.S.C. § 1651(a) (All Writs Act), Fed. R. App. P. 21, and Fifth Circuit Rule 21. Petitioner invokes Article III and the Ninth and Tenth Amendments. No adequate remedy exists at law. Jurisdiction requires explicit waiver via written contract (Statutes at Large 14 Stat. 27). No implied consent exists.

---

INTRODUCTION

This Petition seeks extraordinary relief from judicial obstruction, suppression of filings, tampering with records, and denial of access to court. A writ of mandamus is needed to preserve due process, neutral adjudication, and appellate rights. Petitioner's efforts to have motions lawfully docketed

4

have been actively suppressed. Verified filings remain undocketed while retaliatory orders are issued in haste.

The filing history reveals a pattern of unlawful gatekeeping, administrative manipulation, and biased adjudication. Orders have issued without reference to the full record, and multiple motions remain officially "unfiled" despite verified submission. Petitioner's constitutional rights are being chilled through acts of suppression and coordinated retaliation.

This Court's intervention is required to restore lawful process and neutral oversight. Petitioner has been denied not only access to adjudication but access to the record itself. Without mandamus, no other remedy exists to correct this structural collapse of court function.

FACTUAL BACKGROUND

Petitioner Hiran Rodriguez filed a Motion to Recuse Judge Jay C. Zainey (Rec. Doc. 91) with affidavit under 28 U.S.C. §§ 144 and 455. The motion was denied despite meeting statutory criteria. Thereafter, Petitioner submitted numerous filings between May 2 and May 6, 2025, including motions to strike, motions to vacate, Rule 60(d)(3) motions, motions for default, and FOIA requests.

Despite confirmed submission via EDSS and USPS certified mail, none of these filings were docketed. Following these verified filings, the court issued suppression orders: Rec. Docs. 186, 187, and 188 barred EDSS access and directed the Clerk to discard or reject filings without prior review.

Magistrate Judge Donna Phillips Currault's Report and Recommendation (Rec. Doc. 137) was issued on April 10, 2025, recommending dismissal of Petitioner's claims as "frivolous." No hearing was held, no review of exhibits was conducted, and the recommendation ignored all undocketed filings. The R&R was adopted by Judge Zainey without impartial review or acknowledgment of pending motions.

Petitioner's right to due process, to file motions, to respond to court rulings, and to appeal have been nullified through procedural sabotage.

---

FACTS & LAW

1. Petitioner submitted verified filings through EDSS and USPS between May 2 and May 6, 2025. These included Rule 60(d)(3) motions, emergency stays, motions to strike, FOIA requests, and motions to vacate unconstitutional orders. Despite confirmed delivery, none of these have been docketed.

2. The District Court, through Rec. Docs. 186, 187, and 188, issued unconstitutional restrictions barring electronic filing, mandating prior review, and ordering destruction of lawful submissions. These orders were entered after the filings in question and represent retaliatory suppression.

3. Magistrate Judge Donna Phillips Currault's Report and Recommendation (Rec. Doc. 137) issued on April 10, 2025, labeled Petitioner's claims as 'frivolous' despite no hearing or acknowledgment of filed evidence. This R&R was adopted by Judge Zainey without impartial review.

4. Clerk's refusal to docket filings violates the ministerial duty under the Constitution and undermines court transparency and due process. Filings may not be discarded, rerouted, or hidden from the record.

5. The cumulative effect of these actions has denied Petitioner access to a fair forum, the right to present claims and objections, and an impartial review of his motions.

## STATEMENT OF CLAIM

Petitioner has been subjected to retaliatory conduct, administrative sabotage, and judicial hostility. The denial of access to EDSS, refusal to docket filings, and suppression of critical motions—including those

7

objecting to record tampering and jurisdictional misconduct—constitute a full collapse of due process.

Orders were issued based on incomplete and manipulated records, violating constitutional safeguards. This Court must recognize the cumulative harm imposed by systemic obstruction at the district level.

## RELIEF REQUESTED

1. Immediate reassignment of all proceedings from Judge Jay C. Zainey under 28 U.S.C. §§ 144 and 455.
2. Vacatur of Rec. Docs. 183, 186, 187, and 188 as retaliatory, procedurally improper, and unsupported by the full record.
3. Full restoration of Petitioner's access to EDSS and filing systems, with immediate docketing of all prior withheld filings.
4. Entry of default and/or Rule 60(d)(3) relief as submitted and justified in the withheld motions.
5. Forensic audit and correction of any altered, removed, or suppressed filings including Rec. Doc. 183 and attachments.

## CONDITIONAL FINALIZATION

Petitioner incorporates all attached Exhibits A through Z. Each exhibit contains documentary proof of denied filings, altered records, clerk rejection notices, and communications relevant to this Writ.

The record includes EDSS receipts, certified mail confirmations, and FOIA requests submitted to obtain internal logs. Failure to respond to these exhibits would constitute further denial of due process.

Petitioner demands supervisory review under Article III and the All Writs Act. No court has the authority to function as both a party to the controversy and gatekeeper of the record.

The destruction of filings and the failure to docket lawful motions requires correction from the appellate level. Procedural fairness and institutional legitimacy demand no less.

This Petition is submitted under reservation of rights, including those preserved under Statutes at Large, Universal Law, and the U.S. Constitution.

Petitioner does not waive any claim, defense, or objection by the filing of this Writ, and all rights are reserved under UCC 1-308 and Statutes at Large.

Certified under Statutes at Large and Universal Law, this May 11, 2025.

Signature: *Hiran Rodriguez*

Hiran Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

IN RE: Hiran Rodriguez, Petitioner

v.

United States District Court for the Eastern District of Louisiana

The Honorable Jay C. Zainey, Article III Judge, Presiding

---

## AFFIDAVIT OF HIRAN RODRIGUEZ

I, Hiran Rodriguez, under penalty of perjury, affirm the following to be true and correct to the best of my knowledge:

1. I am the named Petitioner in the accompanying Writ of Mandamus submitted to the United States Court of Appeals for the Fifth Circuit.
2. Between April 30 and May 5, 2025, I submitted multiple motions to the U.S. District Court for the Eastern District of Louisiana using the court's Electronic Document Submission System (EDSS), as well as via USPS certified mail.
3. These motions included a Rule 60(d)(3) Motion, Emergency Motion to Stay, Motion to Vacate, and Motion to Strike. All were accompanied by time-stamped EDSS receipts and certificates of mailing. Several were never docketed.
4. On May 9, 2025, Judge Jay C. Zainey issued Rec. Doc. 188 which imposed a retaliatory filing ban and directed court personnel to discard or reject

further filings. This act was executed without hearing or justification and immediately followed a Rule 60 motion naming Judge Zainey directly.

5. On April 10, 2025, Magistrate Judge Dana M. Douglas issued a Report and Recommendation (Rec. Doc. 137) that ignored all pending filings, mislabeled this case as "frivolous," and urged dismissal despite the unresolved and suppressed filings on record.

6. These actions occurred in open hostility and with apparent coordination between chambers and clerk staff. They have deprived me of access to the courts, meaningful redress, and lawful adjudication.

7. I affirm that I have not received notice, hearing, or valid court process for any filing ban or procedural restriction applied to me. The actions taken have silenced my pleadings and corrupted the record.

8. The attached Writ of Mandamus is submitted in good faith and supported by true and accurate exhibits documenting the above violations. I affirm under penalty of perjury that the foregoing is true and correct. Executed this 11th day of May, 2025.

Hiran Rodriguez
820 Grove Ave
Metairie, LA 70003-7024

Signed: *Hiran Rodriguez*
Hiran Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## CERTIFICATE OF SERVICE

I, Hiran Rodriguez, hereby certify that on this 11th day of May, 2025, I caused a true and correct copy of the following documents to be served:

- Motion for Leave to File Writ of Mandamus
- Petition for Writ of Mandamus
- Affidavit of Hiran Rodriguez
- All Accompanying Exhibits (A through Z)

Service was effected on the Clerk of the United States District Court for the Eastern District of Louisiana and all known counsel of record via EDSS and electronic mail, as listed below:

barcuri@fralawfirm.com

lcarlisle@bakerdonelson.com

scefolia@bakerdonelson.com

colin.cisco@jeffparish.net

hailey.cummiskey@arlaw.com

philip.giorlando@bswllp.com

katherine@snw.law

ekesler@bakerdonelson.com

ckrake@courington-law.com

eve.masinter@bswllp.com

vmatherne@courington-law.com

lmince@fishmanhaygood.com

suzy@snw.law

jnieset@phjlaw.com

lrodrigue@fralawfirm.com

lindsaysamuel@dwt.com

lrichard@irwinllc.com

scott@snw.law

qurquhart@irwinllc.com

roland.vandenweghe@arlaw.com

Executed on May 11, 2025.

Respectfully submitted,

Hiran Rodriguez

820 Grove Ave

Metairie, LA 70003-7025

504-203-8459

hiranrodriguez@outlook.com

Signed: *Hiran Rodriguez*

Hiran Rodriguez